UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN S. COLLAR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case number 4:12cv00602 TCM |
| | ) |
| DEAN MINOR, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review and final disposition of a petition for writ of habeas corpus filed by Brian S. Collar ("Petitioner") pursuant to 28 U.S.C. § 2254 to challenge the elimination of jail time credit from a sentence he received after entering a plea of guilty on October 4, 1989.[1] Respondents filed a response [Doc. 4] to the petition, including materials from the underlying state court proceedings.

**Background**

On October 4, 1989, Petitioner pleaded guilty to six counts of first-degree robbery[2]

---

[1] This matter is before the undersigned United States Magistrate Judge on consent of the parties. 28 U.S.C. § 636(c).

[2] It appears that, in addition to the six counts of armed criminal action, Petitioner was originally charged with five counts of first-degree robbery (Counts I, III, V, VII, and IX), and one count of attempted first-degree robbery (Count XI), rather than six counts of first-degree robbery. See Indict., filed Feb. 2, 1989, Ex. B attached to Pet'r Decl. J. Pet'n, Decl. J. Legal File, Resp't Ex. G, at 18-22. A substitute information in lieu of indictment was filed just before the guilty plea proceeding. See Guilty Plea Tr., Resp't Ex. A, at 3. While that substitute information is not available in this record, the substitute information reportedly corrected only the victim, substituting the name of the person who was the subject of the robbery for the name of the corporation where the robbery occurred. Id. During the plea proceeding, however, and as reported in the plea court's sentence and judgment, Petitioner pleaded guilty to and was sentenced on six counts of first-degree

and six counts of armed criminal action in a criminal proceeding in the City of St. Louis Circuit Court that will be referred to as the City case. See Tr. Guilty Plea and Sentencing, Resp't Ex. A. The plea in the City case resulted from a plea agreement that included the recommended imposition of thirty-year concurrent sentences on each count; and the State nolle prosing another case against Petitioner and a case against his wife. Guilty Plea and Sentencing Tr., Resp't Ex. A, at 23-35; Pages 26 and 33 of Guilty Plea and Sentencing Tr. [Doc. 9-1 at 1 and 2]. While the prosecutor's office recommended that the sentences in the City case, as well as an earlier sentence imposed by the United States District Court for the Eastern District of Missouri ("the Federal case") and earlier sentences imposed by the St. Louis County Circuit Court ("the County case") run concurrently, Petitioner asked that the City case sentence run concurrent with the sentence in the Federal case and consecutive to the sentence in the County case, which the plea court did. Id. The plea court accepted the plea; found Petitioner was a prior and persistent offender, as well as a class X or "minimum term" offender; and sentenced him that day to a thirty-year term of imprisonment on each count, with all sentences to run concurrently with each other, for a total term of imprisonment of thirty years (referred to as "the original sentence" or "original judgment"). Guilty Plea and Sentencing Tr., Resp't Ex. A, at 31-34, including page 33 of Guilty Plea and Sentencing Tr. [Doc. 9-1 at 1]; see also Original J., dated Oct. 4, 1989, Ex. C attached to Petitioner's Declaratory J. Pet'n, Resp't Ex. G, at 24-35.

---

robbery. The apparent difference between the charges and the plea is not at issue here.

During the plea proceeding, the plea court stated it would credit Petitioner with time he spent in jail since his arrest in the City case on January 5, 1989. Tr. Guilty Plea and Sentencing, Resp't Ex. A, at 34; Page 26 of Guilty Plea and Sentencing Tr.[Doc. 9-1 at 1]. The plea court also stated: "My statement to you is that I won't give you anymore than that thirty years and that's a commitment. That's a promise." Page 26 of Guilty Plea and Sentencing Tr. [Doc. 9-1 at 1]. The original sentence in the City case specifically provided for the crediting of jail time but did not set forth the January 5, 1989 date as the start date for crediting that time. Original J., dated Oct. 4, 1989, Ex. C attached to Pet'r Declaratory J. Pet'n, Resp't Ex. G, at 35.

Petitioner did not file a direct appeal in the City case, but did file a pro se post-conviction motion under Mo. S. Ct. R. 24.035 presenting challenges that his plea attorney had provided ineffective assistance of counsel and his sentence was illegal and unconstitutional. Pet'r Mot. For Post-Conviction Relief, Legal File, Resp't Ex. B, at 92-99. Through counsel, Petitioner filed an amended post-conviction motion challenging the sentence imposed in the City case, as well as the ineffective assistance of his plea attorney, and requested an evidentiary hearing. Pet'r Am. Mot. Post-Conviction Relief, Legal File, Resp't Ex. B, at 81-87; Pet'r Mot. Full Hr'g, Legal File, Resp't Ex. B, at 79. A judge other than the plea judge presided over Petitioner's post-conviction proceedings. See, e.g., Pet'r Mot. Change Judge, Legal File, Resp't Ex. B, at 90; Hr'g Tr., Resp't Ex C..

After a two-day hearing at which Petitioner, Petitioner's plea attorney, and the prosecutor testified, the post-conviction motion court granted relief in part only so as to enter

a corrected sentence and judgment in the City case (referred to as the "corrected sentence" or "corrected judgment"), effective April 27, 1990, in accordance with a stipulation entered into by the plea judge, the prosecutor, and Petitioner's post-conviction motion attorney. Hr'g Tr., Resp't Ex. C, at 16-17; Post-Conviction Mot. Findings of Fact, Conclusions, Decision, Decree, and J. ("Post-Conviction Mot. J."), filed June 27, 1990, Legal File, Resp't Ex. B, at 35-41; Corrected J., Legal File, Resp't Ex. B, at 42-53. The corrected sentence provided, in relevant part, that Petitioner's sentence in the City case ran concurrently with his sentences in both the Federal case and the County case. See Post-Conviction Mot. J., filed June 27, 1990, Legal File, Resp't Ex. B, at 35-41; Corrected J., Legal File, Resp't Ex. B, at 42-53. The post-conviction motion court otherwise denied Petitioner's post-conviction motion, finding with respect to the ineffective assistance of plea counsel claims that Petitioner's testimony was not credible, the testimony of the prosecutor and plea attorney was credible, and there was no credible evidence to support the claims, which were refuted by the record. Post-Conviction Mot. J., Legal File, Resp't Ex. B, at 35-41. Petitioner unsuccessfully appealed the post-conviction motion court's judgment. See Pet'r Br., Resp't Ex. D; Per Curiam Order, Missouri Court of Appeals for the Eastern District, filed June 18, 1991, Resp't Ex. F.

After the Missouri Department of Corrections, in April 2002, deducted from Petitioner's jail time credit the period of time between April 24, 1989, the day Petitioner's parole in the County case was revoked, and April 27, 1990, the effective date of the corrected judgment, Petitioner filed in state court a declaratory judgment action challenging that deduction. See Pet'r Pet'n, at 14 [Doc. 1]; Collar v. Missouri Dep't of Corr., No. 09AC-

CC00096 (Cole Cnty. Cir. Ct. filed Feb. 24, 2009), Legal File, Resp't Ex. G. In that action, Petitioner filed a motion for judgment on the pleadings seeking a declaration that the Missouri Department of Corrections misinterpreted and misapplied Mo. Rev. Stat. Section 558.031 in deducting that period of time from his jail time credit. Pet'r Mot. J. on the Pleadings, Legal File, Resp't Ex. G, at 50-56. The state court granted that motion. Mem., Order and J., filed July 6, 2009, Legal File, Resp't Ex. G, at 106-08.

The Missouri Court of Appeals for the Western District reversed in part and affirmed in part. **Collar v. Missouri Dep't of Corr.**, 314 S.W.3d 386, 388-89 (Mo. Ct. App. 2010). The state appellate court acknowledged that Petitioner was credited with the time he spent in jail between the time of his arrest on the charges in the City case, January 5, 1989, and the date his parole in the County case was revoked on April 24, 1989, a period of time that was not challenged in the declaratory judgment action. **Id.** at 389 n.1. Then that court reversed the part of the declaratory judgment that had reinstated credit for the 163 days between April 24, 1989, the date Petitioner's parole was revoked in the County case, and October 24, 1989, the date Petitioner pleaded guilty in the City case. **Id.** at 388-89. Finally, the state court of appeals affirmed the part of the declaratory judgment that had reinstated credit for the 204 days between the entry of the original judgment in the City case, October 24, 1989, and the entry of the corrected judgment in that case, April 27, 1990. **Id.** at 389. The appellate court's decision was based on its application of the state statute regarding jail time credit, Mo. Rev. Stat. Section 558.031, that was in effect at the time the offenses in the City case occurred. **Id.**

Petitioner thereafter unsuccessfully pursued state habeas proceedings in the Circuit Court for Randolph County. See, e.g., Copy of Docket Sheet Entries in Collar v. Missouri, 10RA-CV01713 (Randolph Cnty. Cir. Ct. filed Dec. 23, 2010), Resp't Ex. O; Pet'n for Writ of Habeas Corpus in Collar v. Minor, No. 11RA-CV00825 (Randolph Cnty. Cir. Ct. filed July 19, 2011). With respect to the former proceeding, the available record contains no materials from that proceeding other than a copy of the docket sheet.

As to the latter proceeding, the petition available in the record indicates Petitioner challenged the lack of jail time credit from the date of his arrest on January 5, 1989 and contended he would not have pleaded guilty without the plea court's promise that he would receive jail time credit from that date and would receive imprisonment of no more than thirty years from that date. Pet'r Pet'n for Writ of Habeas Corpus, Resp't Ex. K, at 6. The Randolph County Circuit Court denied the petition on its merits. Mem. and J., dated Oct. 27, 2011, Resp't Ex. M. In doing so, the court found "nothing in the plea of guilty and sentencing transcript which indicates that the claimed jail time credit was a part of the plea agreement." Id. at 1. While acknowledging there was a colloquy between the plea court and Petitioner about jail time credit, the state habeas court "interpret[ed] that colloquy as the sentencing court's commitment not to sentence Petitioner to more than thirty years, not a promise that jail time credit would run from a certain point. Moreover, there was no discussion of jail time credit when the terms of the plea agreement were being discussed." Id. at 2.

The record does not contain any material from the reportedly related state habeas

proceeding subsequently filed by Petitioner in the Missouri Court of Appeals for the Western District, Collar v. Minor, No. WD74615 (Mo. Ct. App. filed Dec. 8, 2011) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do last visited May 4, 2015), or any material, other than the summary denial of the state habeas petition, from the reportedly related state habeas proceeding Petitioner subsequently filed in the Missouri Supreme Court, Collar v. Minor, SC92215 (Mo. filed Dec. 23, 2011)., Resp't Ex. N. Petitioner mentioned a few other state court proceedings in his federal habeas petition, but no materials from those proceedings are available in the record.

Petitioner filed his present federal habeas petition on April 2, 2012, alleging his guilty plea was involuntary in that he was assured his sentence would begin the day he was arrested, which is what the plea court ordered, but that assurance has not been satisfied, although the Missouri Department of Corrections "initially honored" it. Pet'r Pet'n at 6-7 [Doc. 1]. In particular, Petitioner contends his

> sentence beginning the day [he] was arrested was part of the inducement for [him] to plead guilty; [and] had [he] known that [he] would not receive full credit for all the time [he] served starting the day of his arrest [he] would have held out for a better deal in terms of the maximum sentence.

Id. at 7. Respondent counters that Petitioner untimely filed his federal habeas petition and his ground for relief lacks merit.

## Discussion

The Court will address the merits of Petitioner's single habeas claim without resolving whether or not Petitioner timely filed his petition. See **Shelton v. Purkett**, 563 F.3d 404,

406-07 (8th Cir. 2009) (proceeding to consider the merits of the habeas claims "rather than remanding for further development of the non-jurisdictional statute of limitations defense"); **Marcrum v. Luebbers**, 509 F.3d 489, 501 (8th Cir. 2007) (deciding the question whether the petition was timely filed did not need to be resolved in view of the court's "disposition of the merits of th[e federal habeas] case"); **Trussell v. Bowersox**, 447 F.3d 588, 590 (8th Cir. 2006) (noting the statute of limitations defense is not a jurisdictional bar to federal habeas review, and considering the merits of the federal habeas claims even though the timeliness of the federal habeas petition was in doubt).

Having carefully reviewed the petition and record, the Court concludes Petitioner's claim in not cognizable in a federal habeas proceeding, because it requires consideration of Missouri's jail time credit statutory provisions, Missouri Revised Statutes Section 558.031, and Petitioner is not alleging he was denied equal protection due to the denial of jail time credit based on his inability to be released due to indigency. Compare **King v. Wyrick**, 516 F.2d 321 (8th Cir. 1975) (the right to equal protection is denied where a state prisoner is not credited for jail time served after he was unable to meet bail due to indigency, even though the sentence imposed plus the jail time is less than the statutory maximum) with **Travis v. Lockhart**, 925 F.2d 1095, 1097 (8th Cir. 1991) ("the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"). Accord **Patino v. South Dakota**, 851 F.2d 1118, 1120 (8th Cir. 1988) (per curiam) (stating, in cases pursued under 42 U.S.C. Section 1983, that "[a]pplication of presentence jail time to a subsequent sentence is [a matter of] legislative grace and not a

constitutional guarantee"); **Harkins v. Wyrick**, 589 F.2d 387, 391 (8th Cir. 1979) (recognizing that the interpretation of a state crediting statute is not a proper function of a federal habeas court). In **Travis**, supra, the United States Court of Appeals for the Eighth Circuit vacated a district court's denial of habeas relief, and remanded the matter for dismissal, upon concluding the district court had erred in interpreting the state's crediting statute on its merits. **Travis**, 925 F.2d at 1097. In a motion for summary judgment filed in that habeas proceeding, the petitioner had argued that the state crediting statute "created a liberty interest entitling him to the claimed credit." **Id.** at 1096. The Eighth Circuit found that the petitioner's "claim for credit requires interpretation of a state statute," and held that the interpretation of a state crediting statute "is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." **Id.** at 1097. Because it raised only a matter of state concern, the federal habeas petition had to be dismissed and the case was remanded for such a dismissal. **Id.**

That is the situation here. This Court would have to interpret Missouri's jail time crediting statute to resolve Petitioner's claim. The interpretation of such a state statute is not properly before a federal habeas court. Accordingly, the petition will be dismissed. Cf. **Poe v. Caspari**, 39 F.3d 204, 207 (8th Cir. 1994) (reversing the grant of a federal habeas petition in part because, to resolve the petitioner's contention that his right to due process was violated when the trial court, which lacked jurisdiction, sentenced him, the federal habeas court would have to resolve whether the trial court had jurisdiction, a question not properly before a federal habeas court because it is resolved solely as a matter of state law).

Based on the foregoing and after careful consideration,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of May, 2015.